Matter of Allyana J. (Sophia Y.) (2024 NY Slip Op 05979)

Matter of Allyana J. (Sophia Y.)

2024 NY Slip Op 05979

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2023-11944
2023-11946
 (Docket Nos. B-1595-20, B-1598-20, B-1601-20, B-1604-20, N-1436-23, N-1441-23, N-1443-23, N-1448-23, N-1537-23, N-1542-23, N-1543-23, N-1548-23)

[*1]In the Matter of Allyana J. (Anonymous). Orange County Department of Social Services, petitioner; Sophia Y. (Anonymous), et al., respondents. (Proceeding No. 1.)
In the Matter of Jaelyn J. (Anonymous). Orange County Department of Social Services, petitioner; Sophia Y. (Anonymous), et al., respondents. (Proceeding No. 2.)
In the Matter of Lucas J. (Anonymous). Orange County Department of Social Services, petitioner; Sophia Y. (Anonymous), et al., respondents. (Proceeding No. 3.)
In the Matter of Aliyah J. (Anonymous). Orange County Department of Social Services, petitioner; Sophia Y. (Anonymous), et al., respondents. (Proceeding No. 4.)
In the Matter of Michael J. (Anonymous). Orange County Department of Social Services, petitioner-respondent; Sophia Y. (Anonymous), appellant, et al., respondent. (Proceeding No. 5.)
In the Matter of Edward J. (Anonymous). Orange County Department of Social Services, petitioner-respondent; Sophia Y. (Anonymous), appellant, et al., respondent.
(Proceeding No. 6.)

John R. Lewis, Sleepy Hollow, NY, for appellant.
Richard B. Golden, County Attorney, Goshen, NY (Linda Pierson DaSilva of counsel), for petitioner-respondent.
Barbara J. Strauss, Goshen, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10 and Social Services Law § 384-b, the mother appeals from (1) an order of fact-finding and disposition of the Family Court, Orange County (Christine P. Krahulik, J.), dated October 30, 2023, concerning the proceedings pursuant to Family Court Act article 10, and (2) an order of the same court also dated October 30, 2023, concerning the proceedings pursuant to Social Services Law § 384-b. The order of fact-finding and disposition and the order, insofar as appealed from, in effect, denied posttermination visitation between the mother and the children Michael J. and Edward J.
ORDERED that the order of fact-finding and disposition and the order are affirmed insofar as appealed from, without costs or disbursements.
The mother and the father of the subject children have been the subject of multiple neglect and abuse petitions filed by the Orange County Department of Social Services (hereinafter DSS) dating back to 2010. On or around March 8, 2021, the Family Court, inter alia, found that the mother and the father permanently neglected the children and terminated their parental rights but entered a suspended judgment, which was extended pursuant to Family Court Act § 633(b) on or around July 19, 2022. Subsequently, as relevant here, DSS moved, among other things, to lift the suspended judgment based on the mother's noncompliance with its terms and terminate her parental rights pursuant to Social Services Law § 384-b. DSS also filed a companion neglect petition pursuant to Family Court Act article 10.
The matters proceeded to a hearing, during which the parties reached a global settlement agreement, whereby the mother, inter alia, consented to the entry of a finding of neglect without admission pursuant to Family Court Act § 1051(a), as well as a finding that she violated the terms of the suspended judgment and to the termination of her parental rights to the children. In an order of fact-finding and disposition dated October 30, 2023, the Family Court, among other things, authorized sibling visitation between the children Michael J. and Edward J. and their siblings but did not award the mother posttermination visitation with Michael J. and Edward J. An order also dated October 30, 2023, lifting the suspended judgment incorporates by reference the order of fact-finding and disposition and expressly references the sibling visitation therein. The mother appeals from the order of fact-finding and disposition and the order.
A court may order posttermination parental visitation when the termination of parental rights results from a voluntary surrender under Social Services Law § 383-c, but an adversarial proceeding pursuant to Social Services Law § 384-b does not offer such option (see Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 437-438; Matter of Destiney D.M.L. [Jose L.], 170 AD3d 838, 839). Since these were adversarial proceedings pursuant to Social Services Law § 384-b, the Family Court properly denied posttermination visitation between the mother and the Michael J. and Edward J.
The parties' remaining contentions either are without merit or need not be considered in light of our determination.
MILLER, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court